**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BANK ONE, N.A.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 04-CV-318** |
| **v.** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **ECHO ACCEPTANCE CORP., *et. al.*,** | : | **Magistrate Judge Norah M. King** |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

## I. INTRODUCTION

This matter is before the Court on the parties' motions in limine. Plaintiff Bank One brought a breach-of-contract action against Defendants Echo Acceptance Corporation ("EAC") and EchoStar Communications Corporation ("ECC") seeking indemnification of damages, legal costs, and expenses that Bank One paid to settle a 1998 class action. The parties petition the Court to preclude certain evidence from the upcoming bench trial.

## II. STANDARD OF REVIEW

Pretrial motion practice "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Motions in limine allow the Court to rule on the admissibility of evidence in advance of trial in order to expedite proceedings and give the parties advance notice of the evidence upon which they may not rely to prove their case. *See Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

To prevail on a motion in limine, the moving party must show that the evidence is clearly inadmissible. *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Oh. 2004). Courts are typically "reluctant to grant broad exclusions of evidence in limine because a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Black v. Columbus Pub. Sch.*, No. 2:96-CV-326, 2007 WL 2713873, at *2, (S.D. Oh. Sept. 17, 2007); accord *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). This presumption is particularly strong in a bench trial. Without the fear that prejudicial or improper evidence will taint the jury, courts are even more inclined to take a wait-and-see approach. *See Ind. Ins.*, 326 F. Supp.2d at 846. But the parties should be warned: even if the Court denies a motion in limine, the Court can reconsider the admissibility of the evidence as the proceedings give context to the pretrial objections. *Black*, 2007 WL 2713873, at *2.

## I. EAC'S MOTIONS IN LIMINE

### *1. Allocation Evidence*

EAC moves to preclude Bank One from offering evidence as to the allocation of damages between the parties for the underlying class action settlement. During the discovery process, EAC requested that Bank One produce any evidence parsing the *Hunter* settlement by legal theory or claim. EAC argues that because Bank One refused this discovery request, pursuant to Federal Rule of Civil Procedure 37(c)(1),[1] it should be precluded from introducing allocation

---

[1]Federal Rule of Civil Procedure 37(c)(1) provides:

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

evidence at trial. But EAC misreads the record. Bank One did not ignore its request. It answered: "Plaintiff is not in possession of documents responsive to this request as the *Hunter* settlement settled the entire *Hunter* class action and was not allocated on an individual claim basis." Because *Hunter* was a global settlement of Bank One's liability to the class and did not allocate the damages by claim or legal theory, there was simply nothing to produce. Bank One did not fail to disclose allocation evidence and therefore EAC's motion in limine is **DENIED**.

2. *General Motions*

EAC also petitions the Court to preclude: (1) improper character evidence; (2) testimony contradicting prior deposition testimony; (3) any previously undisclosed evidence concerning damages; and (4) testimony protected by attorney-client privilege. Federal Rule of Evidence 103(a)(1)[2] "requires a party opposing the admission of evidence to make a timely objection stating the *specific* ground of objection, if the specific ground was not apparent from the context." *United States v. Austin*, 202 F.3d 270, 12 (6th Cir. 2000) (emphasis added); *see also United States v. Brady*, 595 F.2d 359, 363 (6th Cir. 1979). EAC's motions are bereft of detail. They make no mention of the specific evidence that EAC seeks to exclude. As such, the Court will not grant a general prohibition that merely restates the rules of evidence. Such objections are better raised in the context of trial when the Court is better situated to determine whether the

[2]Federal Rule of Evidence 103(a)(1) provides:

> [e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . [i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context.

evidence is indeed improper or whether it meets one of the established exceptions. For lack of specificity these motions are **DENIED**.

3. *Evidence Neither Admissible nor Discoverable in Hunter*

Next, EAC moves to exclude evidence neither disclosed nor admissible in the *Hunter* class action. At its core, this case is simple: Bank One alleges that EAC is contractually obligated to indemnify it for the *Hunter* settlement. Liability therefore turns on what was assumed by the settling parties to have been potentially provable by the *Hunter* plaintiffs at trial. EAC argues that any evidence not disclosed or admissible in *Hunter* is therefore not relevant to Bank One's claim. This is not correct. Much that was neither discoverable nor admissible in *Hunter* is critical to this case. Both the testimony of the *Hunter* plaintiffs' attorneys as to the allocation of fault between EAC and Bank One and the Credit Agreement were not relevant to the underlying class action. But they are crucial here. EAC's motion is therefore **DENIED**.

4. *Expert Witness*

EAC further petitions the Court to preclude the testimony of Bank One's expert witness, Charles Faruki, on the grounds that it does not comport with the *Daubert* requirements. The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides:

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under this framework, the trial judge is a gatekeeper who must screen proffered expert testimony to ensure that it is "not only relevant, but reliable." *Daubert v. Merrell Dow Pharm.*,

509 U.S. 579, 589 (1993). First, an expert may offer an opinion only if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." *Id*. Second, the proposed testimony must be rooted in a reliable scientific, statistical, or experiential methodology. *Id*. Pursuant to *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999), the *Daubert* test applies with equal force to non-scientific expert testimony.

The Court's determination of admissibility, however, should not be effected by the expert's application of general principles and methods to the particular facts of the case. *Id*. In other words, although the destination is irrelevant, *Daubert* mandates that the Court carefully scrutinize the journey. In so doing, the Court's discretion extends to: (1) "whether *Daubert*'s specific factors are, or are not, reasonable measures of reliability in a particular case;" and (2) whether it is necessary to hold a *Daubert* hearing. *Id.* at 138. A bench trial somewhat alters the calculus. Absent a jury, courts "have substantial flexibility in admitting proffered expert testimony at the front end, and then deciding for themselves during the course of trial whether the evidence meets the requirements of *Kumho Tire* and *Daubert* and deserves to be credited." *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 636 (6th Cir. 2000).

Under Ohio law, in order to prevail in a breach-of-contract action for indemnification of a settled claim, the indemnitee must prove that the settlement was fair and reasonable. *Globe Indemnity Co. v. Schmitt*, 53 N.E.2d 790, 794 (Ohio 1944). Bank One proffers the testimony of Faruki, an experienced class action attorney, to show that the *Hunter* settlement was fair and reasonable. Faruki's testimony is therefore relevant. As to reliability, the Court reserves judgment for trial. EAC is free to attack the principles and methodology upon which Faruki's

testimony is based. The Court will then decide, with the benefit of cross-examination, whether his testimony comports with the reliability requirements of *Daubert* and *Kumho Tire*. EAC also asks the Court to limit the scope of Faruki's testimony such that he may not testify to matters: (1) not properly disclosed during pretrial discovery; or (2) unsupported by fact. Because this request lacks either substance or detail, it is **DENIED**.

*5. Fact Witnesses*

EAC moves to preclude certain witnesses from testifying because Bank One did not disclose their identity or testimony in a timely manner. Federal Rule of Civil Procedure 26(a) requires that a litigant produce to other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26 also requires a party to supplement a disclosure if "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

EAC argues that the Court should bar witnesses Jennifer Mitchell, Larry Lucas, and Dyann Daugherty from testifying because Bank One failed to disclose their identities as potential fact witnesses in accordance with the pretrial discovery schedule. Federal Rule of Civil Procedure 37(c)(1) "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). The party facing discovery sanctions

bears the burden of proving the harmlessness of its violation. *Id*. This is not a light burden as good faith is not a defense. *Youn v. Track, Inc.*, 324 F.3d 409, 421 (6th Cir. 2003).

Bank One argues that its failure to disclose Mitchell, Lucas, and Daugherty as required by the discovery schedule was harmless because it notified EAC of their identity and the substance of their testimony almost a year ago. Indeed, the Sixth Circuit has held that the non-disclosure of a witness is harmless where the opposing party already knew about the possibility of the witness testifying at trial. *See Roberts*, 325 F.3d at 776. EAC learned of these witnesses on May 11, 2007. At oral argument on the motions for summary judgment in October 2007, Bank One indicated that it intended to present the testimony at trial of a representative sampling of the *Hunter* class to show that EAC's dealers lied to consumers. To this end, Bank One proffered the affidavits of these witnesses to the Court and to EAC. EAC has therefore been on notice of their identities and their importance to this case for some months. EAC had ample time to depose them and cannot feign surprise that Bank One would call them to testify at trial. Bank One's failure to disclose their identities in accordance with the pretrial discovery schedule is therefore harmless and EAC's motion in limine is **DENIED**.

*6. Summary Witnesses*

EAC also seeks to preclude the testimony of summary witnesses Keith Schuck and Eric Schmidt because Bank One failed to disclose their identities until March 24, 2008, only three weeks before trial. Bank One counters that both witnesses will only summarize voluminous documents already produced to EAC and should therefore be permitted to testify. But Bank One is mistaken. It is unfair to spring new witnesses at such a late hour because EAC will not have the opportunity to properly prepare for their cross-examination. Bank One has known of these

witnesses for some time. This violation of the Court's discovery schedule is neither harmless nor justified. Thus, the Court precludes both witnesses from testifying at trial. EAC's motion is **GRANTED**.

*8. Supplementary Depositions*

Finally, EAC submits various motions with regard to last-minute depositions and document production. First, EAC petitions the Court to authorize new depositions of Bank One's officers in light of the Court's denial of its motion for summary judgment. EAC has already deposed Bank One's officers. The Court denied EAC's motion for summary judgment on November 26, 2007. EAC has thus had five months to request another chance to depose these witnesses. Its tardy request, submitted six business days before trial, is **DENIED**. Second, EAC moves for a protective order precluding the last-minute depositions of non-party witnesses Larry Lucas and Jennifer Mitchell. Bank One has had over a year to depose these witnesses. Conducting these depositions one week before trial is an undue burden on EAC. EAC's motion for a protective order is therefore **GRANTED**. Third, EAC moves to compel Bank One to produce certain unrecognizable exhibits. Because this discovery is not an undue burden and it will expedite the proceedings, EAC's motion is **GRANTED**.

## II. BANK ONE'S MOTIONS IN LIMINE

1. *Undisputed Facts*

Bank One first petitions the Court to deem certain allegedly undisputed facts as established for the purposes of trial. Pursuant to Federal Rule of Civil Procedure 56(d)(1), the Court may "make an order specifying the facts that appear without substantial controversy . . . . Upon trial of the action, the facts so specified shall be deemed established, and the trial shall be

conducted accordingly." Bank One urges the Court to recognize various allegedly undisputed facts that the Court relied upon in denying EAC's motion for summary judgment.

Because only EAC moved for summary judgment, the Court construed the facts in the light most favorable to Bank One. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). That does not mean that EAC is precluded from challenging these factual conclusions at trial. Pursuant to Rule 56(d) the Court may "ascertain what material facts exists without substantial controversy." Here, EAC objects to many of the allegedly undisputed facts in Bank One's motion. Rule 56(d) is not a procedural vehicle to bar a party losing at summary judgment from presenting evidence as to facts genuinely in dispute. As such, the motion is **DENIED**.

*2. Parol Evidence*

Next, Bank One moves to preclude EAC from offering parol evidence to interpret the terms of the Credit Plan Agreement (the "Credit Agreement"). Bank One anticipates that EAC will introduce evidence that the parties did not intend § 23 of the Credit Agreement to permit indemnification for dealer fraud. Bank One contends that because the Credit Agreement is a binding and fully integrated contract, EAC may not introduce parol evidence as to the meaning of the contractual terms. EAC counters that the Court should find that § 23 unambiguously excludes dealer fraud from EAC's indemnification obligations. EAC requests that if the Court does not endorse this position, the Court should permit EAC to proffer parol evidence to bolster its interpretation of the Credit Agreement.

It is axiomatic that if a contract is clear and unambiguous, the Court may not look beyond its four corners to determine its meaning. *Hastings Mut. Ins. Co. v. Halatek,* 881 N.E.2d 897, 905 (Ohio Ct. App. 2007); *see also J.A. Ind. v. All-Am. Plastics, Inc*., 726 N.E. 2d 1066, 1069

(Ohio Ct. App. 1999). On summary judgment, the Court held that as a matter of law, the Credit Agreement was a fully integrated and unambiguous contract. As such, the Court will not permit EAC to introduce parol evidence to interpret its terms. Bank One's motion is therefore **GRANTED**.

*3. Justification for Breach*

Bank One also petitions the Court to preclude EAC from offering any evidence as to the reasons for which it refused to indemnify Bank One for the *Hunter* settlement. When Bank One questioned EAC's general counsel, David Moskowitz, on this topic at his deposition, he invoked attorney-client privilege and refused to answer. Bank One argues that Moskowitz cannot now waive privilege and testify to this matter at trial. EAC counters that although Moskowitz declined to answer questions as to his legal thoughts and conclusions, both he and other witnesses testified to the factual basis for EAC's refusal to indemnify Bank One. This is partially correct.

A litigant "is free to stand behind its attorney-client privilege, and refuse to produce the opinions. As a consequence, however, [the litigant] will be precluded from introducing the opinion or testimony of its counsel" as to questions which he previously refused to answer. *Gaull v. Wyeth Labs., Inc.*, 687 F.Supp. 77, 83 (S.D.N.Y. 1988). Attorney-client privilege is not a tactical weapon. *Permian Corp. v. United States*, 665 F.2d 1214, 1219 (D.C. Cir. 1981). Moskowitz cannot hide behind the privilege during pretrial discovery only to emerge from its protection at the critical time to the surprise of an unprepared adversary. Yet Bank One goes too far in moving to preclude EAC from offering *any* evidence as to its motivation in denying indemnification. This is unfair: many of EAC's officers, particularly EAC's former President,

James DeFranco, proffered testimony as to the reason EAC believed it was not contractually obligated to indemnify Bank One. As such, Plaintiff's motion in limine is **DENIED** in part and **GRANTED** in part: Moskowitz may not testify to matters on which he refused to speak at his deposition, but EAC may introduce the testimony of cooperative officers as to why it refused to indemnify Bank One.

*4. Supplementary Depositions*

Finally, Bank One moves to for a protective order to bar the last-minute deposition of EAC's witness, Ron Gillet. The parties have already deposed Gillet in this case. Bank One argues that it would be an undue burden at such a late hour to conduct another deposition and that it would be unfair to give Gillet another bite at the apple. Rightly so. EAC has had ample time to depose Gillet. To schedule the deposition of a witness whom the parties have already deposed less than a week before trial is a waste of resources. Bank One's motion for a protective order is **GRANTED**.

**IT IS SO ORDERED.**

**s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: April 11, 2008**