# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **BANK ONE, N.A.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 04-CV-318** |
| **v.** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **ECHO ACCEPTANCE CORP., et. al.,** | : | **Magistrate Judge Norah M. King** |
| | : | |
| **Defendants.** | : | |

## ORDER

## I.  INTRODUCTION

This matter comes before the Court on Defendants Echo Acceptance Corporation's and DISH network Corporation's f/k/a EchoStar Communications Corporation Motion to Stay Execution of Judgment Pending Appeal.  For the reasons set forth below, the Court hereby **GRANTS** Defendants' Motion pending their posting of a $20,000,000 supersedeas bond to secure the stay.

## II.  BACKGROUND

On September 30, 2008, Final Judgment was issued in the above titled action. The Judgment awards Plaintiff $15,231,918 in monetary damages and establishes a briefing schedule to determine the amount of attorneys' fees this Court will award to Plaintiff. Defendants seek a stay of execution from Final Judgment pursuant to Fed. R. Civ. P. 62(d). Defendants seek a waiver of the requirement of posting a supersedeas bond or seek the Court to alternatively set bond at $15,231,918, the amount of the Judgment. Plaintiff does not object to the stay so long as Defendants post a supersedeas bond in an amount sufficient to satisfy the Judgment now under appeal and Plaintiff's attorneys' fees still to be awarded, post Judgment interest while

Defendants' appeal is pending, and Plaintiff's appellate attorneys' fees and costs. Plaintiff requests this Court set bond at $20,000,000.

## III. ANALYSIS

The Federal Rules of Civil Procedure provide that an appellant who posts a satisfactory supersedeas bond is automatically entitled to a stay of the judgment. *See* Fed. R. Civ. P. 62(d); *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (stating that "Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right"). In addition, the Sixth Circuit has held that district courts retain the discretion to grant stays in the absence of a bond. *See Arban*, 345 F.3d at 409. But, although district courts have the authority to dispense with the bond requirement, they generally decline to do so unless the stay applicant can show "extraordinary circumstances." *See Hoge v. Honda of Am. Mfg., Inc.*, No. 00-995, 2003 U.S. Dist. LEXIS 4068, *9 (S.D. Ohio March 3, 2003) (stating that "because Rule 62(d) requires posting a bond, the requirement should be waived only in 'extraordinary circumstances'"); *Verhoff v. Time Warner Cable, Inc.*, No. 05-7277, 2007 U.S. Dist. LEXIS 93312, *4 (N.D. Ohio Dec. 10, 2007) (stating that "numerous district courts, including this one, have held that a full supersedeas bond should almost always be required," except where "extraordinary circumstances" exist, and citing cases in support) (internal quotation marks omitted).

An appellant may obtain relief from the bond requirement by demonstrating that there is no doubt about its ultimate capacity to pay the judgment. In *Arban*, for example, the judgment at issue totaled $119,000, but the appellant established that it had annual revenues exceeding $2.5 billion. The Sixth Circuit held that the district court did not abuse its discretion in granting an unsecured stay given "the vast disparity between the amount of the judgment" and the

appellant's annual revenues. 345 F.3d at 409; *but see Verhoff*, 2007 U.S. Dist. LEXIS 93312 at *7 (requiring appellant to post a bond even though the court found that it would "likely be able to satisfy the judgment"); *Appalachian Reg'l Healthcare, Inc.*, 2007 U.S. Dist. LEXIS 515 at *6 (same).

Defendants assert that the requirement of a bond should be waived because their ability to pay the judgment is plain based on recent quarterly revenues and asset worth. Plaintiffs retort that due to Defendants "freefalling market capitalization," there are no assurances that Defendants will be able to satisfy the judgment at the conclusion of the appeal. Indeed, given the tenuous and uncertain status of the economy, Defendants' assertions ring hollow. Defendants have not demonstrated that they can easily satisfy the judgment.

Defendants propose that the amount of bond they should be required to post is $15,231,918, the amount of the Judgment. Plaintiff proposes that Defendants post a bond in the amount of $20,000,000. This Court finds that $20,000,000 represents a conservative estimate of the amount of the Final Judgment, fees and expenses yet to be awarded (including attorneys' fees), post Judgment interest, and appeal costs. This amount of a bond will provide proper security to ensure payment to Plaintiff following the appeal process.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendants' Motion pending their posting of a $20,000,000 supersedeas bond to secure the stay.

**IT IS SO ORDERED.**

_____s/Algenon L. Marbley_____
**ALGENON L. MARBLEY**
**United States District Court Judge**

**DATE: November 3, 2008**