IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BANK ONE, N.A., : | |
| : | |
| Plaintiff, : | |
| : | Case No. 04-CV-318 |
| v. : | |
| : | JUDGE ALGENON L. MARBLEY |
| ECHO ACCEPTANCE CORP., et. al., : | Magistrate Judge Norah M. King |
| : | |
| Defendants. : | |

## **OPINION & ORDER**

### **I. INTRODUCTION**

This matter comes before the Court on the Motion for Award of Attorney Fees and Costs of Plaintiff Bank One, N.A., now know as JPMorgan Chase Co., N.A. ("Bank One"). Bank One moves the Court for an award against Defendant EchoStar Communications Corporation, now known as Dish Network Corp. ("EchoStar") of attorney fees and costs and expenses through September 30, 2008. For the reasons set forth below, this Court **GRANTS** Bank One's Motion for Attorney Fees and Costs and **AWARDS** it $965,533.28 in fees and $237,314.20 in costs and expenses, for a total of $1,202,847.48.

### **II. BACKGROUND**

On March 12, 2003, Bank One sued Echo Acceptance Corporation ("EAC") and EchoStar in the Franklin County Common Pleas Court alleging that they breached a contractual duty to indemnify Bank One for the settlement of a 1998 class action, *Hunter v. Bank One*. Bank One demanded over $14 million in damages. Defendants removed the case to this Court on the basis of diversity jurisdiction and moved for summary judgment, which this Court denied. *See Bank One v. EchoStar*, 522 F. Supp. 2d 959 (S.D. Ohio 2007). As a matter of law, this Court

ruled that EchoStar was contractually obligated to indemnify Bank One for the portion of the settlement attributable to the fraudulent conduct of EAC's satellite dealers. *Id*. This Court presided over a five-day bench trial in April 2008. On September 30, 2008, Final Judgment was issued, awarding Plaintiff $15,231,918 in monetary damages.

In the Final Judgment, this Court stated:

> Bank One is also contractually entitled to indemnification for the fees and expenses in litigating *this* case. The Guarantee Contract between EchoStar and Bank One provides:
>
>> [EchoStar] agrees to pay Bank One all costs and expenses, including reasonable attorneys' fees, incurred by Bank One in the enforcement or attempted enforcement of this Guaranty . . ..
>
> (EchoStar Guaranty Contract at 2). Again, the language is unmistakable. EchoStar is contractually obligated to pay reasonable attorneys' fees and expenses incurred by Bank One in this suit.

Pursuant to this ruling, this Court instructed,

> Bank One shall submit a detailed list of fees and expenses incurred in this case, including the customary rate hourly rate for its attorneys. The Court will then award Bank One reasonable fees and expenses.

Zeiger, Tigges & Little LLP ("ZTL") has represented Bank One since filing suit. Bank One has moved this Court for an award against EchoStar of (I) attorney fees through September 30, 2008 in the amount of $1,689,683.24, and (ii) costs and expenses through September 30, 2008 in the amount of $237,314.20. EchoStar contends that Bank One should not be entitled to recover attorney fees and costs incurred in the litigation; however, EchoStar contends that if Bank One is granted such fees and costs, it should be in the amount of $851,070.98 in attorney fees and $237,314.20 in costs and expenses.

# III. LAW AND ANALYSIS

The starting point for determining the amount of reasonable attorney fees is the "lodestar" amount. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). This is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* "Where the party seeking the attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 564 (1986). The inquiry does not end there, however, as a court has the discretion to adjust the award based on other considerations. *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway,* 46 F.3d 1392, 1402 (6th Cir. 1995).

## A. Hours Reasonably Expended

In determining the hours reasonably expended by a prevailing party's counsel,

> [t]he question is not whether a party prevailed on a particular motion or whether in hindsight the time expenditure was strictly necessary to obtain the relief requested. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed.

*Woolridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1173 (6th Cir. 1990). Bank One submits that 4,058.25 hours were reasonably expended by ZTL on this case from March 11, 2004 through September 30, 2008.[1] EchoStar does not object to the hours ZTL claims. After reviewing

---

[1] ZTL has excluded from the fee request all time by lawyers and paralegals who billed less than thirty hours to the case. This had the effect of excluding 91.80 hours by six lawyers and three paralegals, totaling $11,153.13 in fees. After exclusion of these 91.80 hours, the remaining time was 4,058.25 hours.

counsel's billing records, the Court does not find any of these hours to be redundant or excessive; the Court finds them reasonable.

## B. Reasonable Hourly Rates

Bank One asserts that due to the prolonged litigation, which has caused a delay in payment of fees, the lodestar calculation should be based on current rates, set forth in its Motion. Based on that, the lodestar calculation is $965, 533.28. EchoStar retorts that the lodestar calculation should be based on historic rates because the use of current rates is not appropriate under an agreement for attorney fees in a breach of contract action where the parties contractually negotiated the matter but did not provide for an enhancement to compensate for delay in payment. Based on that, the lodestar calculation is $851,070.98.

"Clearly, compensation received several years after the services were rendered . . . is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed, as would normally be the case with private billings." *Missouri v. Jenkins*, 491 U.S. 274, 283 (1989). In *Barnes v. City of Cincinnati*, 401 F.3d 729 (6th Cir. 2005), the Sixth Circuit used the "current" market rate in calculating plaintiff's attorney fees "because the litigation had been ongoing for nearly six years. *Id.* at 745. In *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610 (6th Cir. 2007), the Sixth Circuit awarded 2004 rates for work done in 2001, 2002, and 2003 to compensate the firm for waiting several years for payment. *Id.* at 617.

Based on the law in the Sixth Circuit, this Court finds it is reasonable to require EchoStar to compensate ZTL for a delay in payment, as the litigation has been ongoing for over four years. District courts can use either current rates or past rates with interest when calculating the lodestar amount to provide an adjustment for delay in payment. *See Missouri*, 491 U.S. at 282-84. Bank

One has requested this adjustment be made by using current rates, and EchoStar does not object, stating, "in the interest of judicial efficiency, Defendants do not object to Bank One's request to use current rates to establish reasonable fees, provided that this amount is in lieu of any prejudgment interest that Bank One may be entitled." (EchoStar Response, p. 3). Therefore, this Court finds it is reasonable to require EchoStar to pay current hourly rates for the hours expended by ZTL on this litigation, resulting in a lodestar calculation of $965,533.28.

**C. Multiplier**

Bank One requests a multiplier of 1.75 times the lodestar. This would yield a total fee award of $1,689,683.24. EchoStar argues that the language of the Guaranty shows that the parties did not contemplate the application of a multiplier to determine reasonable attorney fees. Furthermore, EchoStar asserts that this not a "rare" or "exceptional" case justifying use of a multiplier.

EchoStar agreed to pay "reasonable attorneys' fees, incurred by Bank One in the enforcement or attempted enforcement of this Guaranty." (EchoStar Guaranty Contract, p. 2). "The criterion for the court is . . . what is reasonable." *Blanchard v. Bergeron*, 489 U.S. 87, 92 (1989). A reasonable fee is "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Gonter*, 510 F.3d at 616. Therefore, this Court finds that in agreeing to pay "reasonable attorneys' fees" the parties contemplated the use of adjustments that would result in such reasonable fees.

Multipliers to the lodestar calculation are permissible in some cases of "exceptional success." *Barnes*, 401 F.3d at 745. The party seeking an enhancement bears the burden of showing that the use of a multiplier is "necessary to the determination of a reasonable fee." *Blum*

*v. Stenson*, 465 U.S. 886, 898 (1984). In the majority of cases, however, the quality of representation is "reflected in the reasonable hourly rate." *Id.* There are twelve factors that have been articulated as providing a useful catalog of the many factors to be considered in assessing whether a multiplier is appropriate. *Barnes*, 401 F.3d at 745. They are:

(1) the time and labor required;

(2) the novelty and difficulty of the questions;

(3) the skill requisite to perform the legal service properly;

(4) the preclusion of other employment by the attorney due to acceptance of the case;

(5) the customary fee;

(6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client or the circumstances;

(8) the amount involved and the results obtained;

(9) the experience, reputation, and ability of the attorneys;

(10) the "undesirability" of the case;

(11) the nature and length of the professional relationship with the client; and

(12) awards in similar cases.

*Barnes*, 401 F.3d at 745-46, citing *Blanchard*, 489 U.S. at 91 n.5.

Courts have used multipliers when a case is "pathbreaking and of great social import" (*Geier v. Sundquist*, 372 F.3d 784, 792-796 (6th Cir. 2004)), when counsel "establish[s] a new cause of action," when counsel "endure[s] public criticism," or when the case "result[s] in a change in the jurisprudence of any of the issues litigated" *West v. Tyson Foods, Inc.*, 2008 WL 5110954, at *3 (W.D. Ky. 2008); *see also Barnes*, 401 F.3d at 745-46 (The court granted a

multiplier of 1.75 to the total fee award, reasoning this was appropriate because of the "novelty and difficulty" of the case and because of the "immense skill requisite to conducting this case properly." In addition, the court found the "result achieved was extraordinary" and the case was "highly controversial . . .[as] few lawyers locally or nationally would take such a case." The court cautioned that a multiplier of 1.75 is near the upper end of what we consider 'reasonable.'); *Paschal v. Flagstar Bank*, 297 F.3d 431, 436 (6th Cir. 2002) (The court granted a multiplier of 1.5 to the total fee award because, "(1) the attorneys did an excellent job at trial, 2) this case involved claims of discriminatory treatment in an area (residential mortgage lending) where discriminatory treatment is often difficult to prove, (3) the marshaling of evidence was an arduous and time consuming task, and (4) the hourly rates used to calculate the lodestar are relatively modest"); *Brotherton v. Cleveland*, 141 F.Supp.2d 907, 913 (S.D. Ohio 2001) (The court granted a multiplier of 1.5 to the total fee award because the case involved "11 years of contentious litigation" and "this case was not a particularly popular cause and was indeed, one in which a number of attorneys declined to participate" and the attorney was a solo practitioner); *James v. Frank*, 772 F.Supp. 984, 1003 (S.D. Ohio 1991) (The court granted a multiplier of 2 to the total fee award, primarily because it was shown that the plaintiff "would have encountered substantial difficulties in obtaining counsel"); *Meredith v. Jefferson County Bd. Of Educ.*, No. 3:02CV-620-H, 2007 WL 3342282, at *4 (W.D. Ky. Nov. 9, 2007) (The court granted a multiplier of 1.75 to the total fee award because the "undesirability of the case" due to much "adverse precedent," the attorney's chances of winning were "problematic," and the attorney was "criticized and even vilified." Also, the court considered the "exceptional nature of counsel's success" as the "case has changed the face of American jurisprudence").

It is apparent that this case involved a substantial time commitment, was difficult to try, and required much skill. One of the partners spent upwards of one-fifth of his time on the case, and another partner spend more than one-fourth of his time on the case. ZTL has been one of the firms to represent Bank One for years and the attorneys who worked on the case were experienced and reputable. Through ZTL's work, the Court awarded Bank One a significant amount money and Bank One essentially won everything in the case. Also, ZTL's representation of Bank One is on a contingency fee basis. The Sixth Circuit has rejected any consideration of a contingency fee arrangement as a factor in the overall determination of a reasonable fee. *Hamlin v. Charter Tp. of Flint*, 165 F.3d 426, 438 (6th Cir. 1999). However,

> [T]he contingent nature of the fee may be considered when calculating the reasonable hourly billing rate to provide an allowance for contingent risks assumed by the attorney. . . . . In other words, the reasonable hourly rate may be adjusted upward to account for the risk of non-payment inherent in a contingency fee arrangement.

*Id.*

However, there is no automatic requisite of a multiplier just because many of the factors that may be considered are satisfied. In fact, several important factors favoring an upward adjustment were not present in this case. This case did not present particularly novel issues and was not an "undesirable case." This was not a case like *Barnes, James, or Brotherton* which was highly controversial or unpopular or in which the party had difficulty obtaining counsel. This was not a case like *Paschal* involving discrimination claims which are often difficult to prove. And this was not a case like *Meredith* that has changed the face of American jurisprudence.

There is a strong presumption that the lodestar figure–the product of reasonable hours times a reasonable rate–represents a "reasonable" fee. *Delaware Valley*, 478 U.S. at 565.

> [W]hen an attorney first accepts a case and agrees to represent the client, he obligates himself to perform to the best of his ability and to produce the best possible results commensurate with his skill and his client's interests. Calculating the fee award in a manner that accounts for these factors, either in determining the reasonable number of hours expended on the litigation or in setting the reasonable hourly rate, thus adequately compensates the attorney, and leaves very little room for enhancing the award based on his post-engagement performance.

*Id.* at 565-66.

Based on case law precedent, this Court concludes this is not the extraordinary case where a fee enhancement is warranted. In this case, the relevant factors have been adequately reflected in the lodestar calculation. The reasonable attorneys' fee award set forth above adequately compensates the attorneys for their time, labor, skill, and success. Therefore, the Court finds that the lodestar amount of $965,533.28. , based on ZTL's current rates, is a sufficient reasonable fee.

### D. Costs and Expenses

Bank One moves the Court for an award of costs and expenses through September 30, 2008 in the amount of $237,314.20. Defendants state that they "do not contend that Bank One's request for $237,314.20 in costs and expenses is unreasonable." (EchoStar Response, p. 3 n.1). After reviewing counsel's billing records, the Court finds that $237,314.20 is a reasonable amount of costs and expenses.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Bank One's Motion for Attorney Fees and Costs and **AWARDS** $965,533.28 in fees and $237,314.20 in costs and expenses, for a total of $1,202,847.48.

**IT IS SO ORDERED.**


    s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: January 12, 2009**