# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BANK ONE, N.A., : | |
| : | |
| Plaintiff, : | |
| : | Case No. 04-CV-318 |
| v. : | |
| : | JUDGE ALGENON L. MARBLEY |
| ECHO ACCEPTANCE CORP., et. al., : | Magistrate Judge Norah M. King |
| : | |
| Defendants. : | |

## **OPINION & ORDER**

## I. INTRODUCTION

This matter comes before the Court on the Supplemental Motion for Award of Attorney Fees and Costs of Plaintiff Bank One, N.A., now know as JPMorgan Chase Co., N.A. ("Bank One"). Bank One moves the Court for a supplemental award against Defendant EchoStar Communications Corporation, now known as Dish Network Corp. ("EchoStar") of attorney fees and costs and expenses, in the total amount of $36,277.90. For the reasons set forth below, this Court **GRANTS** Bank One's Supplemental Motion for Award of Attorney Fees and Costs and **AWARDS** it $30,542.23 in supplemental attorney fees and $5,735.67 in supplemental costs and expenses, for a total supplemental award of $36,277.90.

## II. BACKGROUND

On September 30, 2008, the Court entered final judgment in favor of Bank One for $15,231,918.00. The Court also found that "EchoStar is contractually obligated to pay reasonable attorneys' fees and expenses incurred by Bank One in this suit." (doc. no. 290 at p. 35).

On November 7, 2008, Bank One filed its Motion for Attorney Fees and Costs for the

period through September 30, 2008. On November 28, 2008 EchoStar filed its Opposition to the Motion for Attorney Fees and Costs. On December 9, 2008, Bank One filed a Reply Memorandum in Support of Motion for Attorney Fees and Costs. On January 12, 2009, the Court granted Bank One's Motion and awarded $965,533.28 in attorney fees and $237,314.20 in costs, for a total award of $1,202,847.48.

Bank One now requests the Court to award an additional $30,542.23 in attorney fees and $5,735.67 in costs (for a total of $36,277.90) for the fees and costs incurred by Bank One in preparing the original Motion for Attorney Fees and Costs and Reply Memorandum in Support. Bank One asserts that its counsel, Zeiger, Tigges & Little LLP ("ZTL"), spent a total of 116.55 hours of attorney time preparing the original Motion for Attorney Fees and Costs. At ZTL's standard hourly rates for Bank One, these hours would have resulted in a total fee of $30,542.23 but for the contingent fee agreement between ZTL and Bank One in this case. Bank One also asserts it incurred costs in connection with preparing the original Motion for Attorney Fees and Costs in the total amount of $5,735.67. Nearly all of these costs—specifically, $5,641.57—were for the expert witness, Charles Faruki, who provided an affidavit in support of Bank One's original Motion for Attorney Fees and Costs.

### III. LAW AND ANALYSIS

The starting point for determining the amount of reasonable attorney fees is the "lodestar" amount. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). This is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* "Where the party seeking the attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the

reasonable fee to which counsel is entitled." *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 564 (1986). The inquiry does not end there, however, as a court has the discretion to adjust the award based on other considerations. *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway,* 46 F.3d 1392, 1402 (6th Cir. 1995).

### A. Hours Reasonably Expended

In determining the hours reasonably expended by a prevailing party's counsel,

> [t]he question is not whether a party prevailed on a particular motion or whether in hindsight the time expenditure was strictly necessary to obtain the relief requested. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed.

*Woolridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1173 (6th Cir. 1990). Bank One submits that 116.55 hours were reasonably expended by ZTL on this case after September 30, 2008 preparing the original Motion for Attorney Fees and Costs. EchoStar has filed no response opposing the hours Bank One claims. After reviewing counsel's billing records, the Court does not find any of these hours to be redundant or excessive; the Court finds them reasonable.

### B. Reasonable Hourly Rates

Based upon the hours reasonably expended and ZTL's standard hourly rates for Bank One, Bank One seeks $30,542.23 in attorney fees. The court has already determined that ZTL's standard hourly rates for Bank One are reasonable. (*See* doc. no. 311 at pp. 4-5). In a supplemental petition such as this, which seeks fees for the preparation of an original fee petition, a practical rule of thumb has developed that the supplemental award should be limited to three percent of the award for the main case when it is decided on the papers without a trial, and five percent of the award for the main case when trial is necessary. In *Coulter v. Tennessee*,

805 F.2d 146 (6th Cir. 1986), the Court explained:

> The cases from this and other circuits uniformly hold that a lawyer should receive a fee for preparing and successfully litigating the attorney fee case after the original case is over . . . In the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial and should not exceed 5% of the hours in the main case when a trial is necessary. Such guidelines and limitations are necessary to insure that the compensation from the attorney fee case will not be out of proportion to the main case and encourage protracted litigation.

*Id.* at 151; *accord Gonter v. Hunt Valve Company, Inc*, 510 F.3d 610, 621 (6th Cir. 2007) ("[b]ecause *Coulter* controls this situation, we apply the three-percent rule to the district court's lodestar award"); *Wasniewski v. Grzelak-Johannsen*, 549 F.Supp.2d 965, 980 (N.D. Ohio 2008) ("*Gonter* . . . restated *Coulter's* rule of limiting the preparation and successful litigation of a fee petition to three percent of the hours in the main case and five percent as the maximum where the main case involved a trial").

In this case, a trial was held, so the five percent limit applies. Bank One's request for supplemental fees in the amount of $30,542.23 is slightly over three percent of the lodestar amount award by the Court, which was $965,533.28. This request is, however, significantly below the five percent cap, which would be $48,276.66. EchoStar has filed no response opposing the hourly rates Bank One claims. Therefore, this Court finds it is reasonable to require EchoStar to pay ZTL's hourly rates, resulting in a lodestar calculation of $30,542.23.

**B. Costs and Expenses**

Bank One moves the Court for an award of costs and expenses incurred after September 30, 2008 preparing the original Motion for Attorney Fees and Costs in the total amount of $5,735.67. Nearly all of these costs—specifically, $5,641.57—were for the expert witness,

Charles Faruki, who provided an affidavit in support of Bank One's Motion for Attorney Fees and Costs. Echo Star has filed no response opposing the costs and expenses Bank One claims. After reviewing counsel's billing records, the Court finds that $5,735.67 is a reasonable amount of costs and expenses.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Bank One's Supplemental Motion for Award of Attorney Fees and Costs and **AWARDS** it $30,542.23 in supplemental attorney fees and $5,735.67 in supplemental costs and expenses, for a total supplemental award of $36,277.90.

**IT IS SO ORDERED.**

                                                s/ Algenon L. Marbley
                                                **ALGENON L. MARBLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**Dated: April 10, 2009**